George W. DAVIS, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 95–485C.

United States Court of Federal Claims.

Oct. 4, 1996.

George W. Davis, Houston, TX, pro se.

Paul S. Padda, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director, Washington, DC, for defendant.

### *OPINION*

ROBINSON, Judge:

This veterans' disability compensation case is before the court on defendant's motion to dismiss.

Plaintiff, George W. Davis, is a World War II veteran who alleges that the Department of Veterans Affairs ("VA") improperly terminated his disability compensation benefits without notice, failed to assign him a higher

1. Disability ratings are based upon the average impairment of earning capacity. 38 C.F.R. § 4.1 (1995).

disability rating [1] when warranted, and failed to grant his claims for service connection [2] for a left-ankle disability and a back disability, which allegedly occurred as a result of accidents caused by his service-connected "nervous condition." *Complaint,* ¶¶ 3, 7, 8.

Defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and for failure to exhaust administrative remedies.

The matter has been fully briefed. Defendant's motion to dismiss was filed December 4, 1995, and plaintiff's response was filed on December 15, 1995. Defendant's reply was filed February 5, 1996. Oral argument is unnecessary. For the reasons set forth below, the court grants defendant's motion to dismiss.

### *Background*

Plaintiff, a disabled World War II veteran, was honorably discharged from the United States Navy on February 5, 1946 with a disability rating of 60%. *Complaint,* ¶ 2. His disability was a service-connected nervous condition. *Complaint,* ¶ 2. Within four months of his discharge from the service, plaintiff was involved in two motor vehicle accidents. *Complaint,* ¶ 8. In one accident, plaintiff's left ankle was injured. *Complaint,* ¶ 8. Plaintiff's back was broken in the second accident. *Complaint,* ¶ 8. Plaintiff alleges that the two accidents were caused by his service-connected nervous condition. Plaintiff claims he is totally disabled today and unable to work. *Complaint,* ¶ 8.

Plaintiff alleges that one to two years after plaintiff's discharge from the Navy, the Veterans Administration stopped disability payments without notice. *Complaint,* ¶ 3. Plaintiff filed letters with the VA seeking reinstatement of his disability and requested a physical examination. *Complaint,* ¶ 4. The VA reinstated plaintiff's disability rating at

2. A service connection is granted for a disability resulting from a disease or injury incurred in or aggravated by service in the military. 38 C.F.R. § 3.303.

10%.[3] In 1989, the VA increased plaintiff's disability rating to 30%, finding his disability approximated a definite social and industrial impairment.[4]

In 1990, plaintiff filed a claim with the VA Regional Office in Houston, Texas to receive a total disability rating [5] because of his unemployability due to his service-connected disability. Plaintiff also sought service connection for tinnitus, residuals of a left-ankle injury and a back injury, hypertension, and a kidney disorder. *Complaint,* ¶ 7. The Regional Office denied plaintiff's claim.

Plaintiff appealed the Regional Office's decision to the Board of Veterans' Appeals ("BVA"). On October 22, 1993, the BVA remanded plaintiff's case to the Regional Office for further evidentiary development. The remand order directed the Regional Office to attempt to obtain plaintiff's medical records and the names and addresses of his medical providers. The BVA noted that its remand order was not a decision on the merits of plaintiff's case, and that only a decision of the BVA was appealable to the United States Court of Veterans Appeals. *See* 38 U.S.C. § 7252(a) (1988); 38 C.F.R. § 20.1100(b) (1992).

On July 28, 1995, plaintiff filed a *pro se* complaint in this court seeking $10,000 for damages as a result of undue hardship to him and his family and for lost disability payments. *Complaint,* ¶¶ 11, 12. Defendant moved this court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to exhaust administrative remedies. Plaintiff opposed defendant's motion.

On June 11, 1996, the VA Regional Office in Houston, Texas denied plaintiff's claim. The Board of Veterans' Appeals has not issued a final decision in plaintiff's case.

### Contentions of the Parties

Plaintiff contends that the VA unfairly denied his claim for a higher disability rating in violation of his due process rights. Plaintiff argues that the VA, in evaluating his disability rating, should have considered his injuries from his two motor vehicle accidents because his service disability caused the accidents. Plaintiff also challenges the VA's termination of disability benefits without notice. Because of his service-connected disability, plaintiff claims he has been unable to work, causing a hardship on him and his family.

Because plaintiff is asserting a claim for veterans' disability benefits, defendant argues that his complaint must be dismissed for lack of subject matter jurisdiction. Defendant also contends that the court cannot adjudicate this case because plaintiff has failed to exhaust his administrative remedies.

### DISCUSSION

■ Under the rules of this court, the court's evaluation of a motion to dismiss for lack of jurisdiction is usually limited to the pleadings, and the unchallenged facts alleged in the complaint are deemed to be true and are construed in a light most favorable to plaintiff. *Cincinnati Elecs. Corp. v. United States,* 32 Fed.Cl. 496, 500 (1994); *see* RCFC 12(b)(1). The court realizes that plaintiff is acting *pro se* and will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *Sanders v. United States,* 34 Fed.Cl. 75, 78 (1995). The court has carefully reviewed the record and fully considered plaintiff's claims. Before considering the merits of plaintiff's claims, the court must determine whether it has jurisdiction. Even though plaintiff is proceeding *pro se,* he still has the burden of establishing jurisdiction.

---

**3.** A 10% disability rating is warranted for a generalized anxiety disorder, where there is emotional tension or other evidence of anxiety, causing mild social and industrial impairment. 38 C.F.R. § 4.132 (1995).

**4.** A 30% disability rating requires definite impairment in the ability to establish or maintain effective relationships with people and reduc-

tions in initiative, flexibility, efficiency, and reliability. 38 C.F.R. § 4.132.

**5.** A total disability rating is given to a veteran who is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(b).

## I. *Jurisdiction*

█ Jurisdiction for claims presented to this court is governed by the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994). The Tucker Act is a waiver of sovereign immunity, which requires a substantive right to money from the United States for there to be jurisdiction in this court. *Allred v. United States,* 33 Fed.Cl. 349, 353 (1995). To establish jurisdiction, plaintiff must identify a contract, or money-mandating constitutional, statutory, or regulatory provision that vests this court with jurisdiction. *See Sanders v. United States,* 34 Fed.Cl. at 78; *Allred,* 33 Fed.Cl. at 353.

### A. *VA Benefits*

█ Plaintiff's primary claim is for lost veterans' disability payments. 38 U.S.C. § 511(a) precludes judicial review of veterans' benefits determinations in this court. *See Caravella v. United States,* 9 Cl.Ct. 280, 284 (1985) (discussing predecessor statute, 38 U.S.C. § 211(a)), *aff'd,* 795 F.2d 1016 (Fed. Cir.1986); *Slotnick v. United States,* 8 Cl.Ct. 784, 787 (1985) (same). Section 511(a) provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b),[6] the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Moreover, the Veterans' Judicial Review Act of 1988 ("VJRA"), 38 U.S.C. §§ 7251–7298, states that the exclusive remedy for the denial of veterans' benefits is to appeal to the Court of Veterans Appeals. 38 U.S.C. § 7252(a) (1994). Jurisdiction for appeals from the Court of Veterans Appeals lies exclusively in the United States Court of Appeals for the Federal Circuit. *Gardner v. Brown,* 5 F.3d 1456, 1463 (Fed. Cir.1993), *aff'd,* —— U.S. ——, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); *see* 38 U.S.C. § 7292. Therefore, this court does not have jurisdiction to review the denial of veterans' benefits. *See Gardner,* 5 F.3d at 1463; *Sanders v. United States,* 34 Fed.Cl. 75, 79 (1995).

### B. *Due Process Claims*

█ To the extent plaintiff's complaint alleges a violation of due process, his exclusive remedy lies in the Court of Veterans Appeals. *See Zuspann v. Brown,* 60 F.3d 1156, 1156–60 (5th Cir.1995); *Larrabee by Jones v. Derwinski,* 968 F.2d 1497, 1501 (2d Cir.1992); *Hicks v. Veterans Admin.,* 961 F.2d 1367, 1370 (8th Cir.1992). "Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." *Zuspann,* 60 F.3d at 1159; *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir.1994); *Larrabee by Jones,* 968 F.2d at 1501; *Hicks,* 961 F.2d at 1369–70. This court cannot adjudicate plaintiff's due process claims because they are based upon the VA's actions regarding his disability benefits.

Furthermore, the Due Process Clause of the Constitution does not give rise to a cause of action for money damages against the United States, as required by the Tucker Act. *Allred v. United States,* 33 Fed.Cl. 349, 353 (1995); *Wright v. United States,* 20 Cl. Ct. 416, 420 (1990); *see* U.S. Const. amend V. The Due Process Clause of the Fifth Amendment "neither explicitly nor implicitly obligate[s] the federal government to pay damages." *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *see Allred,* 33 Fed.Cl. at 353. Any due process claims that plaintiff has based upon the VA's handling of his benefit claim are beyond the jurisdiction of this court.

---

**6.** 38 U.S.C. § 511(b) provides exceptions to the preclusion of review for challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Veterans Appeals under 38 U.S.C. ch. 72. None of these exceptions applies in this case.

**560**

### C. *Tort Claims*

■ The Tucker Act provides jurisdiction for non-tort monetary claims against the United States, founded upon the Constitution, statute, regulation, or contract. *Curtis v. United States,* 33 Fed.Cl. 586, 589 (1995); *see* 28 U.S.C. § 1491(a)(1). Plaintiff seeks monetary damages due to the hardship on him and his family caused by the VA's actions. To the extent plaintiff's claims sound in tort, this court lacks jurisdiction over tort claims unless the claim is related to a breach of a contractually-created duty. *Bird & Sons, Inc. v. United States,* 190 Ct.Cl. 426, 420 F.2d 1051, 1053–54 (1970)); *see Caravella v. United States,* 9 Cl.Ct. 280, 285 (1985). Plaintiff has not alleged a breach of a contractually-created duty. The court, therefore, does not have jurisdiction over plaintiff's tort claims.

### II. *Exhaustion of Administrative Remedies*

■ Plaintiff has not received a final determination from the BVA on his latest disability benefits claim. Generally, a party may not seek judicial review of an adverse administrative action until he has exhausted available administrative remedies. *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938). Furthermore, the judicial review mechanism of 38 U.S.C. § 7252 requires exhaustion of administrative remedies. The Court of Veterans Appeals has exclusive jurisdiction to review only final decisions of the Board of Veterans' Appeals. *See Wilson v. Brown,* 5 Vet.App. 103, 108 (1993) (applying 38 U.S.C. §§ 7252(a), 7266(a)). Because plaintiff has not exhausted administrative remedies by obtaining a final decision from the BVA, his claim is not ripe for judicial review in any court.

### *CONCLUSION*

This court does not have subject matter jurisdiction to adjudicate plaintiff's claims, and plaintiff has failed to exhaust administrative remedies. Therefore, defendant's motion to dismiss plaintiff's complaint is AL-

LOWED. The Clerk of the Court is directed to enter judgment accordingly. No costs.