ON MOTION
RADER, Circuit Judge.

ORDER

The United States moves for summary affirmance of the United States Court of Federal Claims’ judgment in Terio v. United States, No. 02-718C (Nov. 26, 2003), dismissing Vincent R. Terio’s complaint for lack of jurisdiction. Terio opposes.
Terio’s complaint alleged that the Department of Veterans Affairs denied him certain benefit payments, violated his Fifth Amendment due process and equal protection rights, and engaged in violations of the Freedom of Information Act (FOIA), 5 *175 U.S.C. § 552 (2003). The United States moved to dismiss Terio’s complaint for, among other things, lack of jurisdiction under RCFC 12(b)(1). The Court of Federal Claims granted the motion, first addressing Terio’s benefits claim:
38 U.S.C. § 511(a) precludes this Court from exercising judicial review of veterans’ benefits determinations. See e.g., Davis v. United States, 36 Fed.Cl. 556, 559 (1996).... Moreover, as to the portions of Mr. Terio’s claim which may be characterized as an appeal from decisions of the [Board of Veterans’ Appeals], .... [t]he Veterans Judicial Review Act of 1988, 38 U.S.C. §§ 7251-7298, grants the Court of Appeals for Veterans Claims the exclusive jurisdiction to review decisions of the [Board].
With regard to Terio’s Fifth Amendment claims, the Court of Federal Claims explained that:
[Under the Tucker Act, 28 U.S.C. § 1491(a)(1),] to establish constitutional jurisdiction, the Plaintiff must identify a money-mandating constitutional provision. See e.g., United States v. Mitchell, 463 U.S. 206, 216-217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).... This Court lacks jurisdiction to hear claims based on [the due process and equal protection] guarantees because they do not obligate the Federal Government to pay money damages.
Finally, the Court of Federal Claims concluded that it lacked jurisdiction over Terio’s FOIA claim because “FOIA vests district courts with jurisdiction to enjoin an agency from withholding records and to order the production of agency records that are being improperly withheld from a complainant.” 5 U.S.C. § 552(a)(4)(B) (2003).
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a complaint). The Court of Federal Claims was correct in concluding that in lacked jurisdiction over the claims raised in Terio’s complaint and properly dismissed his case. Thus, because no substantial question exists regarding the outcome of Terio’s appeal, the court summarily affirms the judgment of the Court of Federal Claims dismissing Terio’s complaint.
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to summarily affirm the judgment of the Court of Federal Claims is granted.
(2) Each side shall bear its own costs.