NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5163

GUY W. PARKER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Guy W. Parker, of Poway, California, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Susan G. Braden

# United States Court of Appeals for the Federal Circuit

2007-5163

GUY W. PARKER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in consolidated cases 06-CV-701 and 06-CV-715, Judge Susan G. Braden.

_____

DECIDED:  June 4, 2008

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Guy W. Parker appeals the June 28, 2007, judgment of the United States Court of Federal Claims.  The trial court dismissed various of Mr. Parker's contract-based claims for lack of subject matter jurisdiction and granted summary judgment in favor of the Government on one claim.[1]  We <u>affirm</u>.

Mr. Parker's claims arise from a dispute regarding a 2004 contract he was awarded by the United States Air Force.  In 2006, he filed two complaints in the Court of Federal Claims that were consolidated for adjudication.  In the first, Mr. Parker sought a

_____

[1]     <u>Parker v. United States</u>, 77 Fed. Cl. 279 (2007).

declaratory judgment that a privacy banner attached to an e-mail from the Program Manager, Mr. Kimmet, constituted an "adhesion contract" that was not within the terms and conditions of the contract and was an improper use of the Privacy Act of 1974. He also requested monetary damages of one dollar and court costs. In the second complaint, Mr. Parker sought various declaratory judgments that his contracting officer made a false statement regarding a management report he had submitted. He again requested monetary damages of one dollar and court costs.

The trial court correctly dismissed several of Mr. Parker's claims for lack of subject matter jurisdiction. First, to the extent Mr. Parker's complaints included claims for money damages under the Contract Disputes Act (CDA), the trial court did not have jurisdiction over them because Mr. Parker never submitted a claim for money damages to the contracting officer. See 41 U.S.C. § 605(a) ("All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision."). Also, based on our review of the record, we agree with the trial court that Mr. Parker's communications with the Government did not provide clear notice of the relief requested and the factual and legal basis for a "false statement claim," and therefore the trial court lacked jurisdiction over any such claim. See Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1265 (Fed. Cir. 1999). Finally, to the extent Mr. Parker intended to bring a claim under the Privacy Act, the Court of Federal Claims is not the proper forum for such action. 5 U.S.C. § 552a(g)(1) (stating that district courts have jurisdiction in matters under the Privacy Act).

The trial court generously determined that Mr. Parker had submitted a valid CDA claim alleging that the privacy banner attached to Mr. Kimmet's e-mail was a unilateral

change to the terms of the contract. The trial court, however, granted the Government's motion for summary judgment on this claim, holding as a matter of law that the cautionary statement in the privacy banner was consistent with the contract, which already limited the contractor's ability to disseminate communications relating to the contract. We agree with the trial court's analysis and conclude that summary judgment in favor of the Government was proper.

On appeal, Mr. Parker argues that his complaints included claims for fraud, which, as Mr. Parker apparently recognizes, are not within the jurisdiction of the Court of Federal Claims. He seems to suggest that his claims should have been transferred to another court, but he never requested that the trial court transfer his claims, nor does he explain how a transfer would be "in the interest of justice." 28 U.S.C. § 1631. Under these circumstances, we see no error in the trial court's disposition of Mr. Parker's claims.

We have considered Mr. Parker's other arguments and find them unpersuasive or without merit.