**Henry Newton ADDINGTON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 10–83 C.**

United States Court of Federal Claims.

Sept. 28, 2010.

Henry Newton Addington, San Ysidro, CA, pro se.

Meredyth Cohen Havasy, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey Jr., Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant. David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, for the Department of Veterans Affairs, of counsel, Washington DC.

## ORDER AND OPINION

HEWITT, Chief Judge.

Before the court are Henry Newton Addington's (plaintiff's or Mr. Addington's) Complaint (Complaint or Compl.) against the United States (defendant or United States), filed February 12, 2010; Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), filed April 13, 2010; Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (plaintiff's Response or Pl.'s Resp.), filed May 19, 2010; Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (defendant's Reply or Def.'s Reply), filed June 3, 2010; "Plaintiff's Motion, in Opposing any/all Stays, Delays, and Enlargements!" (plaintiff's Motion), filed September 21, 2010; and Defendant's Response to Plaintiff's Motion Opposing Stays, Delay, and Enlargements, filed September 24, 2010.

1. *Addington v. Agent Orange Veterans Payment Program,* 131 F.3d 130 (2d Cir.1997) (unpublished). The case involved settlement of mass tort litigation pursued by Vietnam veterans who had been exposed to Agent Orange. Those "to-

## I. Background

In his Complaint, plaintiff asserts five claims against the United States, more specifically, the Department of Veterans Affairs (VA). First, plaintiff asserts entitlement to twenty-one years of VA disability benefits for post-traumatic stress disorder (PTSD) because the Board of Veterans' Appeals (Board) allegedly remanded his 1989 benefit claim pursuant to policies encouraging remands. Compl. 2. Second, plaintiff asserts entitlement to eighteen years of VA disability benefits for total disability caused by Agent Orange exposure during his service in the Vietnam War. Compl. 3. Plaintiff bases this second claim on a finding by the United States District Court for the Eastern District of New York that he has been totally disabled since 1992 due to such exposure.[1] *Id.* Third, plaintiff alleges he is entitled to a higher rate of VA disability pension under 38 U.S.C. § 1521(d) (2006) because he needs regular aid and attendance. Compl. 4. Fourth, plaintiff asserts that the VA's actions are criminal in violation of the Fourth and Fifth Amendments to the United States Constitution. Compl. 1. Fifth, plaintiff asserts that the VA violated the Federal Privacy Act of 1974 (Privacy Act). *Id.* Defendant contends that plaintiff's Complaint must be dismissed in its entirety for lack of subject matter jurisdiction. The court agrees.

## II. Legal Standards

### A. Subject Matter Jurisdiction

#### 1. Generally

Because subject matter jurisdiction is a threshold matter, it must be established before the case can proceed on the merits. *Steel Co. v. Citizens for a Better Env't (Steel Co.),* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir. 2007). Plaintiff bears the burden of establishing subject matter jurisdiction, and the court may determine whether he has met

tally disabled" as defined by the settlement were entitled to proceeds from the settlement. Total disability determinations for the purposes of that settlement have no relevance to this case.

this burden once he has had an opportunity to be heard on the matter. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) (citing *Zunamon v. Brown,* 418 F.2d 883, 886 (8th Cir.1969)). If the court determines that it lacks subject matter jurisdiction, it must dismiss the claim. *Steel Co.,* 523 U.S. at 94, 118 S.Ct. 1003; *Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006); Rules of the United States Court of Federal Claims (RCFC) 12(h)(3). Complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir. 2004) (unpublished).

■■■ Like all federal courts, the United States Court of Federal Claims (CFC) is a court of limited jurisdiction. The jurisdiction of the CFC is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). The Tucker Act provides that the CFC has jurisdiction to hear claims against the United States founded upon "any Act of Congress or any regulation of an executive department ... or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In order to establish subject matter jurisdiction in the CFC, a plaintiff must point to a relevant money-mandating statute, regulation or Constitutional provision. *Id.*

### 2. Veteran Benefit Determinations

■■■Title 38 of the United States Code sets forth a comprehensive adjudicatory scheme for making veteran benefit determinations. Under this scheme, the CFC is prohibited from reviewing VA benefit deter-

minations. *See* 38 U.S.C. § 511 (2006). Section 511(a) of Title 38 provides that the decisions of the Secretary of Veterans Affairs regarding veteran benefit determinations are final and may not be reviewed by any court except in limited circumstances:

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

*Id.*[2]

■■■ Moreover, the Veterans' Judicial Review Act (VJRA), 38 U.S.C. §§ 7251–7299 (2006), makes clear the intent of Congress that veteran benefit determinations be made through a unique statutory process subject to judicial review in statutorily designated federal courts. Congress established, under Article 1 of the United States Constitution, the United States Court of Appeals for Veterans Claims (CAVC). 38 U.S.C. § 7251. The CAVC has exclusive jurisdiction to review the decisions of the Board. 38 U.S.C. § 7252(a); *Davis v. United States,* 36 Fed.Cl. 556, 559 (1996). CAVC decisions are subject to review by the United States Court of Appeals for the Federal Circuit (Federal Circuit). 38 U.S.C. §§ 7252(c), 7292(c). The Federal Circuit has exclusive jurisdiction to review CAVC decisions. 38 U.S.C. § 7292(c); *Davis,* 36 Fed.Cl. 556, 559. Decisions by the Federal Circuit are final subject to review by the Supreme Court on certiorari. 38 U.S.C. § 7292(c). The VJRA, therefore, deprives the CFC of Tucker Act jurisdiction over veteran benefit determinations. *Davis,* 36 Fed.Cl. 556, 559.

### B. Transfer for Lack of Subject Matter Jurisdiction

■■■ Under 28 U.S.C. § 1631 (2006), a federal court may transfer a case to another

---

**2.** Section 511(b) provides four exceptions to subsection (a), "[T]he second sentence of subsection (a) does not apply to—(1) matters subject to section 502 of this title; (2) matters covered by sections 1975 and 1984 of this title; (3) matters arising under chapter 37 of this title; and (4) matters covered by chapter 72 of this title." 38 U.S.C. § 511(b) (2006). None of these exceptions applies in the circumstances of this case.

federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *See Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed.Cir.1988).

### III. Application of Legal Standards to This Case

For the following reasons, this court finds that it lacks subject matter jurisdiction over all of plaintiff's claims. Additionally, it finds that transfer of plaintiff's case to another federal court is inappropriate.

### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

Neither plaintiff's Complaint nor his Response establishes that his claims fall within this court's subject matter jurisdiction as defined by the Tucker Act. *See* Compl. *passim*; Pl.'s Resp. *passim*.

1. Plaintiff's Claims for Twenty–One Years of Veteran Disability Benefits, Eighteen Years of Veteran Disability Benefits, and Increased Veteran Disability Pension Payments

██ Plaintiff's claims for veteran benefit compensation are within the exclusive adjudicatory scheme set forth in Title 38. Plaintiff's claims for both twenty-one years of VA disability benefits for post-traumatic stress disorder (PTSD) and entitlement to eighteen years of VA disability benefits for total disability caused by Agent Orange exposure during his service in the Vietnam War are subject to review by the CAVC, not this court. Similarly, plaintiff's claim that he is entitled to increased veteran disability pension payments because he needs regular aid and attendance is a claim for veteran benefit compensation that comes within the exclusive adjudicatory scheme set forth in Title 38.

2. Plaintiff's Claim That the VA's Actions are Criminal in Violation of the Fourth and Fifth Amendments to the United States Constitution

██ Plaintiff claims that the VA's actions are criminal in violation of the Fourth and Fifth Amendments to the United States Constitution. Compl. 1. However, in substance, plaintiff only alleges a due process violation. Compl. 1. Therefore, the court addresses plaintiff's due process claim. Plaintiff's claim that the VA's actions violated the Due Process Clause of the Fifth Amendment to the United States Constitution falls outside the scope of jurisdiction of this court.[3] As an initial—and dispositive—matter, the Due Process Clause of the United States Constitution does not give rise to an action for money damages as required by the Tucker Act. *Id.; James v. Caldera*, 159 F.3d 573, 581 (Fed.Cir.1998). The exclusive remedy for claims of due process violations lies in the CAVC. *Davis*, 36 Fed.Cl. 556, 559 ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case.") (quoting *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir.1995)). Because plaintiff's due process claim is based upon the VA's actions regarding his veteran benefit determinations, this court cannot adjudicate it. *Id.*

██ To the extent plaintiff alleges violations of federal criminal law,[4] this court lacks jurisdiction to hear such allegations. *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir. 1994) (affirming dismissal based on violations of the federal criminal code); *Leitner v. United States*, 92 Fed.Cl. 220, 224 (2010).

---

**3.** Plaintiff alleges a Fourth Amendment due process violation. The Due Process Clause is not contained in the Fourth Amendment. To the extent plaintiff alleges a violation of the Fourth Amendment's prohibition against unreasonable searches and seizures, he is without remedy in this court. The Fourth Amendment does not give rise to an action for money damages as required by the Tucker Act. *Brown v. United States*, 105

F.3d 621, 623 (Fed.Cir.1997); 28 U.S.C. § 1491(a)(1) (2006).

**4.** Plaintiff refers to alleged due process violations as criminal actions. Compl. 1. Plaintiff also alleges that the VA's "protocol in effect" was to commit crimes under 18 U.S.C. § 2071(b) (2006). Compl. 2.

3. Plaintiff's Claim That the VA Violated the Federal Privacy Act of 1974

 Plaintiff claims that the VA violated the Privacy Act. Compl. 1. This court does not have jurisdiction over claims based upon violations of the Privacy Act. The Privacy Act, "expressly vests jurisdiction for such claims in the United States District Courts." *Parker v. United States*, 77 Fed.Cl. 279, 291–92 (2007) *aff'd*, 280 Fed.Appx. 957 (Fed.Cir. 2008) (unpublished); 5 U.S.C. § 552a(g)(1) (2006). Accordingly, this court cannot adjudicate plaintiff's claim that the VA violated the Privacy Act.

B. Transfer of the Case to Another Court Is Not Appropriate

 Although this court lacks jurisdiction over plaintiff's claims against the United States, it may not transfer these claims to another court because these claims could not have been brought in another court[5] at the time they were filed.

1. Plaintiff's Claims for Twenty–One Years of Veteran Disability Benefits, Eighteen Years of Veteran Disability Benefits, and Increased Veteran Disability Pension Payments

Because the CAVC has exclusive jurisdiction to review the decisions of the Board, only the CAVC can adjudicate plaintiff's claims for veteran benefits. 38 U.S.C. § 7252(a). However, this court cannot transfer plaintiff's claims to the CAVC because the CAVC is not a "court" within the meaning of 28 U.S.C. § 1631, the statute authorizing transfers. *See Skillo v. United States*, 68 Fed.Cl. 734, 746–47 (2005).

2. Plaintiff's Claim That the VA's Actions are Criminal in Violation of the Fourth and Fifth Amendments to the United States Constitution

Because the CAVC has jurisdiction over constitutional claims based on the VA's actions in a particular case, *Davis*, 36 Fed.Cl. 556, 559, and because the CAVC is not a

"court" within the meaning of § 1631, this court cannot transfer plaintiff's due process claim to the CAVC.

3. Plaintiff's Claim That the VA Violated the Federal Privacy Act of 1974

The United States District Courts have jurisdiction over claims based upon violations of the Privacy Act. 5 U.S.C. § 552a(g)(1); *Parker*, 77 Fed.Cl. 279, 291–92. However, because plaintiff failed to make any factual allegations in support of his Privacy Act claim, the court determines that it is not in the interest of justice to transfer the claim.

IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss the Complaint is GRANTED. The Clerk of Court shall ENTER JUDGMENT dismissing plaintiff's Complaint. No costs.

IT IS SO ORDERED.

---

5. The term "court" in 28 U.S.C. § 1631 includes "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610 (2006).