ORIGINAL

# In the United States Court of Federal Claims

No. 13-431C
(Filed March 7, 2014)
NOT FOR PUBLICATION

FILED

MAR 7 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| CAROL COLEMAN, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Plaintiff Carol Coleman, the widow of a deceased veteran, has brought this case *pro se*, seeking an award of additional veterans' benefits and associated damages. The government has moved to dismiss this case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), arguing the lack of subject-matter jurisdiction. For the reasons stated below, defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff was married to Mr. Chester R. Coleman, a veteran of the United States Army and both the Vietnam and Gulf Wars, who separated from the military on September 1, 2000. Pl.'s Resp. App. B at 41; App. C at 3.[1] On March 31, 2003 the U.S. Department of Veterans Affairs (VA) evaluated Mr. Coleman's claim for additional service-connected compensation and concluded that he suffered from service-related peripheral neuropathy and sleep apnea. App. C at 1–6. The VA

---

[1] Plaintiff's response contained attachments which were not divided into separate appendices. For ease of reference, the Court cites to the appendices generated in ECF, with Apps. A, B, and C being ECF Nos. 8-1, 8-2, and 8-3, respectively.

determined that Mr. Coleman's service-related disabilities were "permanent and totally disabling" and increased Mr. Coleman's monthly entitlement to $2,318 per month. *Id.* at 3; App. B at 37. Mister Coleman died on September 8, 2004 due to his service-related metastatic lung cancer. App. C at 7, 17.

On September 20, 2004, plaintiff submitted an application for "Dependency and Indemnity Compensation, Death Pension and Accrued Benefits By a Surviving Spouse or Child" to the VA regional office in North Little Rock, Arkansas (RO). *Id.* at 8. On December 7, 2004 the RO informed plaintiff that she had been granted dependency and indemnity compensation (DIC) and her husband's accrued benefits for the month of September, but denied a death pension because the dependency and indemnity compensation was the greater benefit --- $993 as opposed to $567 per month --- and plaintiff could not receive both. *Id.* at 12–14. The RO explained that plaintiff could "elect to receive the lesser [death pension] benefit" if she chose but that the VA default position was to provide the higher value benefit. *Id.* at 13. Thus plaintiff received her husband's $2,366 disability payment in September 2004 and thereafter, starting on October 1, 2004, began receiving a $993 per month DIC payment. *Id.* at 12–13.

On May 15, 2010, plaintiff filed a second application for "[DIC], Death Pension and Accrued Benefits by a Surviving Spouse or Child" asserting that she was presently receiving a "DIC-death pension" but was also entitled to a "death pension and accrued benefits." *Id.* at 19, 26. The RO responded on June 15, 2010 stating that plaintiff was already receiving DIC at the (now increased) rate of $1,154 per month. *Id.* at 27. The RO explained: "You may be entitled to a death pension. However, the maximum rate for death pension is less than the DIC rate. Therefore we have awarded you DIC as the greater benefit." *Id.*

On November 13, 2010, plaintiff filed a "Statement in Support of Claim" arguing that she should receive the $2,366 per month disability payment that her husband was receiving when he died. *Id.* at 29–30. The RO responded that Mr. Coleman's service-connected disability payment of $2,366 per month was distinct from plaintiff's survivor benefit and not payable to a surviving spouse. *Id.* at 31 ("(DIC) is a benefit payable to dependents of the veteran when it has been determined that they died of a service connected disability. This is the benefit you are receiving in the amount of $1,154.00 per month. DIC is a set rate and is not determined by the amount of compensation a veteran received. You are receiving the maximum amount payable for DIC for a surviving spouse with no dependents.").

Plaintiff submitted a notice of disagreement, on February 18, 2011, challenging the RO's decision about her "periodic monetary benefits," which the RO returned without response on March 14, 2011, because it failed to "indicate the specific determination with which [she] disagree[d]." *Id.* at 32–33. Plaintiff then filed another "statement in support of claim" on June 1, 2011, to which the RO responded with a "statement of the case" (SOC) on August 12, 2011. *Id.* at 34–35. The SOC summarized the history of plaintiff's filings with the VA and advised plaintiff of her appellate rights. *Id.* at 35–48.

Meanwhile, on June 6, 2011, plaintiff filed a petition for extraordinary relief with the United States Court of Appeals for Veterans' Claims (CAVC) asking for a writ of mandamus. App. B at 30. The request was denied on October 31, 2011, the court explaining that plaintiff had not exhausted her administrative remedies within the VA; that she could still file a complaint with the Board of Veterans' Appeals (the Board); and that nothing otherwise demonstrated a clear and indisputable right to a writ. *Id* at 30–31 (citing 38 U.S.C. §§ 7105(d)(3), 7266). Plaintiff filed an appeal of the CAVC's decision with the Federal Circuit on November 29, 2011. *Id.* at 9. The Federal Circuit affirmed the CAVC's decision denying the writ of mandamus on May 11, 2012, because "Mrs. Coleman possesses adequate alternative means to purse the relief she requests by direct appeal." Def.'s Rep. Supp.'l App. at 13 (ECF No. 2012-7037).

Plaintiff filed a complaint with our court on June 27, 2013, asking that her VA benefit determination be adjusted to include her "deceased spouse's accrued benefits, and his benefits awarded but unpaid at death" pursuant to 38 U.S.C. § 5121. Compl. at 2–3. She identified the Tucker Act, 28 U.S.C. § 1491, as the source of our jurisdiction. *Id.* at 1. In her response to defendant's motion to dismiss plaintiff expanded the bases of her claim, stating that her "claim is founded upon the 1st, 5[th], and 14[th] amendment[s of] the United States Constitution . . . [as] established in *Isenhart v. Derwinsk[i]*, 3 [V]et. App[.] 177, 179 (1992)" and 38 C.F.R. §§ 3.1000 and 3.152(a)(1). Pl.'s Resp. at 2. Additionally, plaintiff alleged that the government committed fraud and obstructed justice by tampering with evidence and government documents, apparently referring to the redaction of personal information from documents filed in her prior proceeding. *Id.* at 3.

Defendant filed a motion to dismiss the case under RCFC 12(b)(1) in lieu of an answer, alleging that this court has no jurisdiction over claims for denied VA benefits. Def.'s Mot. to Dismiss at 4–5 (citing 38 U.S.C. §§ 511(a), 7104(a), 7292(c)). After plaintiff's response to defendant's motion to dismiss expanded the bases of her claims, defendant replied that this court also lacked jurisdiction over the newly

articulated claims. Def.'s Rep. at 4. Lastly, plaintiff argued that the Court cannot transfer plaintiff's claims to another court because any tribunal that might have jurisdiction is not a court to which this court may transfer a case pursuant to 28 U.S.C. § 1631. Mot. to Dismiss at 5–6.[2] The Court addresses each point in order.

## II. DISCUSSION

The Tucker Act, 28 U.S.C. § 1491(a)(1), gives this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." Since the Tucker Act does not create a substantive cause of action, "a plaintiff must identity a separate source of substantive law that creates the right to money damages [from the federal government]." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (explaining that jurisdiction under the Tucker Act requires "some other source" of substantive that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained") (citations omitted).

The process for reviewing a veteran's benefit determination is specifically articulated in Title 38 of the United States Code. *See* 38 U.S.C. §§ 511, 7251–7299 (the Veterans' Judicial Review Act of 1988). Spouses of deceased veterans initially seek benefits from their regional VA office. A regional VA decision may be appealed to the Board within "one year from the date of mailing of notice of the result of initial review or determination." 38 U.S.C. § 7105(b)(1). The Board has exclusive jurisdiction to hear appeals of any matter falling under 38 U.S.C. § 511(a).[3]

The CAVC has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."[4] 38 U.S.C. § 7252(a). Appeals from the Board to the CAVC must be made within "120 days [of] the date on which notice of the decision is

---

[2] Plaintiff was given leave to file a sur-reply, which reiterated her assertion of jurisdiction under the Tucker Act and to which the government responded.

[3] Section 511(a) states that "The Secretary shall decide all questions of law and fact necessary to a decision [affecting] benefits by the secretary to veterans or the dependents or survivors of veterans." The exceptions enumerated in 38 U.S.C. § 511(b) do not apply to this case. The Board, therefore, would have had jurisdiction over plaintiff's initial appeal.

[4] Until 1988 when the CAVC was established, as stated by Congress, the VA stood "in 'splendid isolation as the single federal administrative agency whose major functions are explicitly insulated from judicial review.'" H.R.Rep. No. 100–963, 100th Cong., 2d Sess. 10, *reprinted in* 1988 U.S.C.C.A.N. 5782, 5791.

mailed." 38 U.S.C. § 7266(a). Decisions may then be appealed from the CAVC to the United States Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over such appeals. 38 U.S.C. §§ 7252(c), 7292; *Gardner v. Brown*, 5 F.3d 1456, 1458 (Fed. Cir. 1993). Federal Circuit decisions are subject to review by the Supreme Court upon grant of certiorari. 38 U.S.C. § 7292(c).

The Veterans' Judicial Review Act thus makes explicitly clear the forum in which each successive appeal should be brought. Plaintiff could have appealed the decision of the RO to the Board, the decision of the Board to the CAVC, and the decision of the CAVC to the Federal Circuit, but at no time during plaintiff's various claims and appeals did the Court of Federal Claims have jurisdiction. *See Davis v. United States*, 36 Fed. Cl. 556, 559 (1996) ("38 U.S.C. § 511(a) precludes judicial review of veterans' benefits determinations in this court."). The complaint seeks an award of veterans' benefits, which are plainly beyond our court's power to give.

Nor is our jurisdiction established by the citations in plaintiff's opposition to the government's motion. She relies on *Isenhart*, *see* Pl.'s Resp. at 2 (citing 3 Vet. App. at 179), a decision from one of the courts of proper jurisdiction (the CAVC, then-named the U.S. Court of Veterans Appeals), which has nothing to do with our jurisdiction.[5] Without factual elaboration and little explanation other than that the VA did not give her both types of benefits she seeks, she cites the First, Fifth, and Fourteenth amendments to the U.S. Constitution as guaranteeing her "[e]qual justice under law and equal protection of the law." *Id.* But the First Amendment does not obligate the federal government to pay damages. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1993) (citing *Walton v. United States*, 213 Ct. Cl. 755, 757 (1977)). The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government, under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). And the Fourteenth Amendment imposes limitations on the states, and not the federal government. *See* U.S. Const. amend. XIV, § 1. Thus, these clauses and amendments are not money-mandating and cannot be the basis of our court's jurisdiction.

---

[5] Moreover, plaintiff seems to misunderstand *Isenhart*, as the decision held that the form used to apply for DIC or a death pension must be processed as an application for both benefits (which are alternatives to one another), and does not suggest that an applicant is entitled to receive both types of benefits. *See Isenhart*, 3 Vet. App. at 179–80; *see also* 38 C.F.R. § 3.702(d)(2) (explaining that a surviving spouse "may elect to receive a death pension *instead of*" DIC (emphasis added)).

Plaintiff also cites regulations regarding veterans' benefits, *see* Pl.'s Resp. at 2 (citing 38 C.F.R. §§ 3.152(a)(1), 3.1000), but such benefits, as we have seen above, are not within our jurisdiction. *See* 38 U.S.C. § 511(a). She also alleges that defendant committed fraud, a tort, by "blotting out material reference numbers to her material evidence," and obstructed justice, a crime, by "tampering with government documents." Pl.'s Resp. at 2–3. It appears that plaintiff, who is representing herself and understandably, as a non-lawyer, is not familiar with the practice of redacting private information from documents that are filed for public availability, is objecting to such redactions. But in any event, this court does not have jurisdiction over tort claims against the federal government or criminal claims. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006).

For the foregoing reasons, the government's motion to dismiss this case for lack of subject-matter jurisdiction is **GRANTED**. Defendant appropriately notes that this case cannot be transferred to another court of competent jurisdiction. Mot. to Dismiss at 5. Under 28 U.S.C. § 1631, a federal "court shall, if it is in the interest of justice, transfer [a civil action] to any other such court in which the action or appeal could have been brought." But under 28 U.S.C. § 610, the Board is not a court for purposes of the transfer provision and the Federal Circuit lacks jurisdiction over appeals from a regional VA office pursuant to 28 U.S.C. § 7292. Thus, a transfer to either forum cannot be ordered.

## III. CONCLUSION

For the reasons set forth above the Court **GRANTS** defendant's motion to dismiss this case for a lack of subject matter jurisdiction. The Clerk shall close the case. No costs shall be awarded.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge