NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM OSCAR HARRIS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee,*

AND

**CHARLES E. SAMUELS, JR., THOMAS R. KANE**
AND **HARLEY G. LAPPIN,**
*Defendants.*

---

2013-5119

---

Appeal from the United States Court of Federal Claims in No. 13-CV-0019, Judge Francis M. Allegra.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

William Oscar Harris appeals the decision of the United States Court of Federal Claims, dismissing his

complaint for lack of jurisdiction.  For the following reasons, we grant the government's motion to summarily affirm.

## BACKGROUND

Mr. Harris, a federal prisoner, brought this suit in the Court of Federal Claims against the United States and several current and former officials of the Federal Bureau of Prisoners.  Mr. Harris's complaint alleged that he had entered into a contract with the government through an offer to pay $40 million dollars to the then-Secretary of the Treasury in exchange for the discharge of "certain federal obligations owing to the United States" resulting from his prior criminal convictions.  *Harris v. United States*, 13-cv-0019 at 1 (Fed. Cl. Jan. 9, 2013), ECF No. 1.  Mr. Harris further alleged that the government's refusal to perform its obligations amount to a breach of the alleged contract, entitling him to $40 million dollars and specific performance.

On June 6, 2013, the Court of Federal Claims granted the government's motion to dismiss Mr. Harris's claims for lack of jurisdiction, as they were not "grounded in a contract, a money-mandating statute, or the 'takings clause' of the Fifth Amendment."  *Harris v. United States*, No. 13-19C, slip op. at 2 (Fed. Cl. June 6, 2013), ECF No. 18).  Mr. Harris filed a motion for relief from judgment pursuant to RCFC 60(b)(1) and (6).  The court denied that motion, determining that there was no clear error of judgment or abuse of discretion in its original decision.

Mr. Harris appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Tucker Act limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by

the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). Here, it is clear that Mr. Harris failed to demonstrate that the Court of Federal Claims had jurisdiction over his case.

The court correctly held that the statutory and regulatory provisions cited in Mr. Harris's complaint, namely, 5 U.S.C. § 552a, D.C. Code § 28:3-306, and the Federal Bureau of Prisons' Administrative Remedy Program (28 C.F.R. § 542.10-18), do not give the Court of Federal Claims jurisdiction. *See generally Parker v. United States*, 280 Fed. Appx. 957, 958 (Fed.Cir. 2008) ("Finally, to the extent Mr. Parker intended to bring a claim under the Privacy Act, the Court of Federal Claims is not the proper forum for such action.").

Mr. Harris contends that the court had jurisdiction over his complaint based on the existence of a contract between him and the federal government. But we discern no error in the Court of Federal Claims' conclusion that the facts as alleged were insufficient to establish either an actual or an implied-in-fact contract. As the government correctly points out in its motion papers, the attachments to Mr. Harris's complaint, which are the basis for the contract allegation, are nothing more than a series of documents signed by Mr. Harris and addressed to various government officials. Mr. Harris has not made a substantial claim of a contract.

Nor can we say that the Court of Federal Claims had jurisdiction over his complaint based on 9 U.S.C. § 3. That statutory provision merely requires federal courts to stay litigation pending arbitration proceedings.

Because the Court of Federal Claims' decision was clearly correct, summary affirmance is appropriate. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a

4                                          HARRIS v. US

matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1)  The United States' motion is granted.  The judgment of the Court of Federal Claims is affirmed.

(2)  All other pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s28