NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLAUDE PHILLIP VINCENT,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1735

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-436, Judge Margaret C. Bartley.

---

Decided: August 22, 2017

---

CLAUDE PHILLIP VINCENT, Kerernsville, NC, pro se.

JEFFREY LOWRY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; BRIAN D. GRIFFIN, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Claude P. Vincent appeals the November 28, 2016 decision of the Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("Board") assigning a rating of service-connected depression at 70 percent and service-connected hypertension at 10 percent. Because this court lacks jurisdiction to consider the merits of Mr. Vincent's Veterans Court appeal and the constitutional issue he raises lacks merit, we *affirm*.

## BACKGROUND

Mr. Vincent served on active duty in the United States Navy from March 1972 to May 1976. In 2007, Mr. Vincent submitted claims for service connection for hypertension and depression. The Regional Office ("RO") denied Mr. Vincent's claim for hypertension and granted service connection for depressive disorder at a 50 percent rating. Mr. Vincent timely filed Notices of Disagreement with respect to both decisions.

In February 2011, Mr. Vincent testified at a Board hearing regarding his claims for service-connected depression and hypertension. In October 2011, the Board granted an increased evaluation of 70 percent for Mr. Vincent's service-connected depression. Mr. Vincent timely appealed the Board's denial of a rating in excess of 70 percent, and in September 2012, the Veterans Court granted the parties' joint motion for remand, which stipulated that the Board provided inadequate reasons for its determination. The Board remanded the depression claim to the RO for examination.

In the October 2011 decision, the Board also granted service connection for hypertension at a 10 percent rating.

In January 2013, Mr. Vincent appealed the 10 percent evaluation, but because the appeal was untimely, the Department of Veterans Affairs ("VA") construed the request as a claim for increased evaluation and the hypertension claim was referred to the RO for adjudication in the first instance.

The RO examined Mr. Vincent for both depressive disorder and hypertension and assigned evaluations of 70 percent for service-connected depression and 10 percent for service-connected hypertension. On January 20, 2015, Mr. Vincent submitted a VA Form 9, appealing the RO's evaluations to the Board and requesting a Board hearing.

On September 19, 2015, the Board notified Mr. Vincent that he was scheduled for a Board hearing on November 9, 2015. Four days later, Mr. Vincent submitted a second VA Form 9, again requesting a Board hearing. On October 27, 2015, Mr. Vincent sent the Board a letter asking that the Board "process the return of my VA Appeal claims back to the [RO]," return all files to the RO, and cancel the hearing scheduled for November 9. Supp. App. 33. The Board interpreted the letter as a withdrawal of the request for a hearing under 38 C.F.R. § 20.704(e), and no hearing was held. The Board considered the transcript of the February 2011 hearing as part of the appellate record.

In January 2016, the Board issued a decision denying increased evaluations for service-connected depression and hypertension. The Veterans Court affirmed the Board's decision. Mr. Vincent timely petitioned this court for review.

DISCUSSION

Our jurisdiction over this appeal is limited. We may review challenges to the validity or interpretation of a statute or regulation relied on by the Veterans Court and may interpret constitutional and statutory provisions "to

the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).  Except to the extent that an appeal presents a constitutional issue, we do not have jurisdiction to review a challenge to a factual determination or the "law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).

Mr. Vincent argues he was denied his constitutional due process rights when the Board canceled the hearing he previously requested and decided his appeal instead of immediately remanding to the RO.  He argues that the Board denied his right to be present at Board hearings to present additional evidence.

A veteran is entitled to a hearing "[u]pon request."  38 C.F.R. § 3.103(c)(1).  The purpose of a hearing is to allow the veteran to introduce into the record, in person, any evidence which he considers material and pertinent to his claims.  *Id.* § 3.103(c)(2).  In his first submitted VA Form 9, Mr. Vincent indicated that he wanted to appeal all RO determinations and stated that the RO "ignored all the documents and medical records that has [sic] been associated with hypertension."  Supp. App. 38.  He also requested a Board hearing.  *Id.*  He made the same representations in his second submitted VA Form 9.  Supp. App. 34.

The Veterans Court subsequently held that Mr. Vincent withdrew his request for a hearing. Mr. Vincent requested "that the hearing that you notified me of on 26 October 2015, scheduled for 09 November 2015 at 1:00 pm be cancelled."  Supp. App. 33.  The Board informed Mr. Vincent by letter that "[a] hearing is not necessary to decide your case, [and] we can make a decision on the appellate record as it is."  Supp. App. 37. After Mr. Vincent requested that his hearing be cancelled, the Board proceeded to evaluate his appeal on the appellate record.  We see no due process violation in these facts.

To the extent Mr. Vincent challenges the RO's ratings determinations, the Veterans Court's affirmance of the Board's decision to deny increased evaluations involves the application of law to fact over which we lack jurisdiction. We have considered Mr. Vincent's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is *affirmed*.

**AFFIRMED**

COSTS

No costs.