NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLAUDE PHILLIP VINCENT,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-1379

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00973-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: May 4, 2018

---

CLAUDE PHILLIP VINCENT, Kernersville, NC, pro se.

DAVID ALAN LEVITT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before PROST, *Chief Judge,* TARANTO and HUGHES, *Circuit Judges.*

PER CURIAM.

Claude Vincent brought this case in the Court of Federal Claims. He claimed that the Board of Veterans' Appeals—an organ of the Department of Veterans Affairs (DVA)—did not allow him to participate in a Board hearing in April 2016, thereby denying him certain constitutional and statutory rights. Mr. Vincent eventually agreed with the government that the Court of Federal Claims lacked jurisdiction over his claims. The court dismissed the case rather than transferring it to a federal district court or the United States Court of Appeals for Veterans Claims (Veterans Court). *Vincent v. United States,* 135 Fed. Cl. 561, 563–64 (2017). Mr. Vincent appeals the refusal to transfer. We affirm.

I

Mr. Vincent served on active duty in the Navy between March 1972 and May 1976. The events giving rise to this appeal began in 2007 when Mr. Vincent submitted claims to DVA for disability compensation. The next nine years saw a series of decisions by the relevant DVA Regional Office, the Board, the Veterans Court, and this court.[1] An April 18, 2016 Board decision is relevant here. In that decision, the Board explained that "the Veteran requested a hearing before a member of the Board. However, in a subsequent November 2015 statement, the Veteran requested that the scheduled hearing be cancelled and did not request that it be rescheduled." *See*

---

[1] A January 2016 Board decision was affirmed by the Veterans Court, whose decision this court affirmed. *Vincent v. Shulkin,* 696 F. App'x 512 (Fed. Cir. 2017).

Docket No. 03-31-153, Board of Veterans' Appeals (Apr. 18, 2016) (April 2016 Decision).[2]

In his complaint in this case, Mr. Vincent alleged that the Board acted unlawfully in not allowing him to participate in a hearing before the Board on April 18, 2016. *Vincent*, 135 Fed. Cl. at 562. When the government moved to dismiss the complaint, Mr. Vincent "agree[d]" that the Court of Federal Claims was an "improper venue." Gov't Appx. 55. He asked that the court transfer the case to (or permit re-filing in) the district court in Washington, D.C. *Id.*

The Court of Federal Claims granted the government's motion to dismiss. *Vincent*, 135 Fed. Cl. at 564. The court ruled that it lacked jurisdiction over the claims, as even Mr. Vincent agreed (though he used the language of "venue"). *Id.* at 563. The only question, then, was whether the court should transfer the case. *Id.* The court determined that it could not transfer Mr. Vincent's case. It concluded that "[c]laims of the type Mr. Vincent has brought here . . . cannot be heard in a federal district court because Congress has specifically assigned such claims to the [Veterans Court]," so transfer to district court would be improper. *Id.* The court also concluded that the transfer statute, 28 U.S.C. § 1631, did not authorize it to transfer a case to the Veterans Court. *Id.* Mr. Vincent timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[2]    Neither party included the Board's April 2016 decision in its Appendix and neither party has included any statement from November 2015 in which Mr. Vincent requested that the hearing be cancelled. The government included in its Appendix a document that refers to the April 2016 decision. Gov't Appx. 46–47.

## II

We may set aside the decision not to transfer Mr. Vincent's claim under 28 U.S.C. § 1631 only if that decision was an abuse of discretion. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008). Section 1631, which refers to 28 U.S.C. § 610, provides that, "[w]henever a civil action is filed in a court as defined in section 610" and "that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other *such court* in which the action or appeal could have been brought at the time it was filed or noticed . . . ." (emphasis added). As part of our abuse-of-discretion review, we review *de novo* the underlying determination as to whether the court to which the case would be transferred (the transferee court) would have jurisdiction over the claim. *Rick's Mushroom*, 521 F.3d at 1342–43.

The Court of Federal Claims correctly ruled that the case could not be transferred to the district court in Washington, D.C. The wrongs asserted in this case are alleged procedural violations by the Board in its April 2016 adjudication of Mr. Vincent's benefits claims, which the Board remanded for further consideration.[3] Any challenge to the Board's procedure—whether or not it had to await completion of the remand proceedings—could be made only by appeal to the Veterans Court, whose decisions are reviewable by this court within defined statutory limits. *See* 38 U.S.C. § 7252 ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."); 38

---

[3] The April 2016 Board decision related to "[e]ntitlement to payment or reimbursement for unauthorized medical expenses, incurred for medications purchased at not-VA pharmacies between August 6, 2013, and August 5, 2014." April 2016 Decision.

U.S.C. § 7266 (time for appeal from Board to Veterans Court); 38 U.S.C. § 7292 (review of Veterans Court by this court). This "exclusive" route of review means that Mr. Vincent could not have brought in federal district court his claims regarding the alleged violations during the proceedings before the Board. *See Addington v. United States*, 94 Fed. Cl. 779, 783–84 (2010) ("The exclusive remedy for claims of due process violations lies in the [Veterans Court]."); *Davis v. United States*, 36 Fed. Cl. 556, 559 (1996) ("To the extent plaintiff's complaint alleges a violation of due process, his exclusive remedy lies in the Court of Veterans Appeals."). Transfer to a district court is therefore unavailable here.

The Court of Federal Claims also correctly concluded that it could not transfer Mr. Vincent's claim to the Veterans Court "because the [Veterans Court] is not a 'court' within the meaning of § 1631." *Addington*, 94 Fed. Cl. at 784. Section 1631 limits possible transferee courts to those listed in Section 610: it says that a court as defined in Section 610 may transfer to another "such court" in certain circumstances. Section 610 defines "courts" as "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." The Veterans Court is not an authorized transferee court.

## III

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

No costs.

**AFFIRMED**