In this military pay case the plaintiff, a former captain in the Regular Army, challenges the action of the Secretary of *707 the Army in not promoting him to the temporary rank of major after a selection board allegedly had selected him for promotion. The plaintiff alleges that because of the nonse-lection, he was subsequently twice passed over for promotion to the permanent rank of major, and as a result, was discharged from the Army. He seeks backpay and retroactive promotions, first to temporary major and then to permanent major. The defendant has moved for summary judgment for failure to state a claim upon which relief may be granted. We grant the motion and dismiss the petition.
According to the plaintiffs complaint, he was considered for promotion to the temporary rank of major by an Army Selection Board that convened in March 1974. He alleges that the board selected him for promotion but that the Secretary of the Army removed his name from the promotion list.
The government informs us, however, that the board that considered the plaintiff convened in January 1974, and that when the Secretary in February 1974 was informed of the tentative board results, he concluded that the board had not followed the instructions he had given it. The failure was that the board had selected an insufficient percentage of officers from the "secondary zone” of promotion (officers junior in rank to those in the "primary zone”), see Doyle v. United States, 220 Ct. Cl. 285, 291-92, 599 F.2d 984, 989 (1979), cert. denied, 446 U.S. 982 (1980), because the board selected from the secondary zone only 7.4 percent of the officers it recommended instead of the 15 per cent the Secretary had directed. See Doyle, supra. The government states that the Secretary therefore did not approve the selection board’s recommendations but instead convened a new selection board in March 1974, which then carried out its allocation instructions.
Both this new selection board and another board convened in June 1975 considered but rejected the plaintiff for promotion to temporary major. The plaintiff sought review of these passovers from the Army Board for Correction of Military Records, but that board denied relief. Following the plaintiffs two passovers in 1974 and 1975, he was considered but rejected by four additional selection boards and two Relook Boards for promotion to temporary major. *708 In 1978, and again in 1979, he was considered and rejected by selection boards for promotion to permanent major. As a result of the latter two passovers, he was discharged from the Army in 1980.
The sole contention plaintiff makes in his petition — and he has filed no response to the government’s motion for summary judgment — is that the Secretary violated 10 U.S.C. §3447 (1976) because he "illegally and without authority removed his name from the promotion list.” The plaintiff asserts that his discharge from the Army following his two passovers to permanent major in 1978 and 1979 was the "result of’ his initial nonselection in 1974. The plaintiffs position appears to be that once the selection board recommended him for promotion, section 3447 required the Secretary to promote him.
That section, however, does not so require. Insofar as it bears upon the issue in this case, it merely provided that "[tjemporary appointments of commissioned officers in the Regular Army shall be made by the President alone in grades below lieutenant colonel and by the President, by and with the advice and consent of the Senate, in grades of lieutenant colonel and above.” 10 U.S.C. § 3447(b). In other words, that provision defines when the President may himself make appointments of military officers and when he may do so only with the approval of the Senate. It has nothing to do either with selection boards or the role of the Secretary in reviewing their actions.
The provision dealing with selection boards is 10 U.S.C. § 3297. It provides that "under such regulations as he may prescribe, the Secretary of the Army shall detail selection boards ... to recommend promotion-list officers . . . for promotion.” (Emphasis added.) Section 3299(b) provides that first lieutenants, captains, and majors shall be "considered by a selection board for promotion” far enough in advance of the time they will complete 7, 14, or 21 years of service, respectively, so that, "if recommended, [they] may be promoted on the date on which [they] will complete that service.” The selection board merely makes recommendations for promotion to the Secretary, the final decision whether to promote is that of the Secretary, and he may accept or reject any or all of the board’s recommendations.
*709 In the present case, the Secretary rejected all of the 1974 temporary-majors board recommendations because the board had not complied with the secretary’s instructions defining the basis upon which the board was to select officers from the two zones of competition. In thus declining to accept the promotion recommendations of the board, with the necessary effect of declining to promote the officers recommended, who allegedly included the plaintiff, the Secretary was insuring that the selection board carried out his prior directive. The Secretary was not obligated to accept a determination of the board that was contrary to his instructions. In rejecting the board’s recommendations, the Secretary violated no statute or regulations, but instead properly implemented the selection process.
The plaintiff challenges only the Secretary’s rejection of the recommendation of the 1974 board that various officers, allegedly including the plaintiff, should be promoted. The plaintiff does not contest on independent grounds the failure of subsequent selection boards to recommend him for promotion. Since we hold that the Secretary justifiably rejected the 1974 selection board’s recommendations for promotion, it follows that the plaintiff has not stated a valid claim for relief.
Accordingly, the defendant’s motion for summary judgment is granted, and the petition is dismissed.