NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANDRA G. HALE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant- Appellee.*

---

2012-5132

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-822, Judge Charles F. Lettow.

---

Decided: November 27, 2012

---

SANDRA G. HALE, of Spring, Texas, pro se.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDION, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief was RACHEL A. LANDEE, Litigation

Attorney, United States Army Litigation Division, United States Department of the Army, of Fort Belvoir, Virginia.

—————————

Before BRYSON, REYNA, and WALLACH, *Circuit Judges*.

PER CURIAM.

## DECISION

Sandra G. Hale seeks review of a decision of the United States Court of Federal Claims dismissing her claim that she was improperly discharged from the military for misconduct and related claims. We affirm.

## BACKGROUND

Ms. Hale has a long but intermittent history of military service. She first enlisted in 1974 with the United States Air Force. She later served with the Naval Reserve, the Texas Army National Guard, and the Army Reserve. She joined the Texas Army National Guard in 1987. Three years later, she was discharged with a characterization of general, under honorable conditions. She was then transferred to the United States Army Reserve, where she appears to have served until 1993. In November 2004, after an 11-year hiatus, she re-enlisted in the Army Reserve.

This case concerns Ms. Hale's most recent period of service. In August 2006, after completing training to become a Health Care Specialist, she was assigned to the 160th Military Police Battalion in Florida. Shortly thereafter, in October 2006, the unit was ordered to active duty in Afghanistan. She arrived at Bagram Airfield on January 8, 2007.

Ms. Hale experienced a number of medical issues during her service.  In November 2006, before being deployed, she received emergency attention for an allergic reaction to pepper spray.  At that time, she was diagnosed with reactive airway disease and bronchitis, and she was told to avoid physical activity for a week.  Once in Afghanistan, she was treated within her first few months for pain in her feet, back, and wrist.  In April 2007, she again complained of exposure to pepper spray.  Physicians found that she suffered from mild wheezing at that time, which was treatable with medication, but they recommended that she be transferred to a unit where she would not be at risk of further exposure.

Ms. Hale was therefore assigned to the intensive care unit at the Bagram Combat Support Hospital in May 2007.  Over the next two months, she complained of shortness of breath, chest pain, and an episode of loss of consciousness in which she fell and hit her head.  She was sent to a medical center in Germany for testing; there, doctors diagnosed her with post-concussion syndrome and subclinical hypothyroidism.  They also ordered her to avoid pepper spray.  In June 2007, she returned to Afghanistan with the only restriction on her activity being that she stay away from pepper spray.

In late June 2007, Ms. Hale returned to the medical clinic in Bagram.  This time, she was issued a physical profile calling for additional limitations on her physical activities and recommending a disability evaluation.  In light of the physical limitations, she was assigned to work in the mail room and, later, in the arms room.  Ms. Hale also appeared for a medical evaluation in early August 2007 but allegedly refused to cooperate.  Then, at the end of the month, she failed to appear for an Army Physical Fitness Test.

She returned to Germany for follow-up testing in September. Due to her complaint of continued headaches, one physician recommended that she be released back to the United States. After her unit represented that she could be adequately treated in Afghanistan, however, she was sent back to Bagram.

Meanwhile, and in addition her medical troubles, Ms. Hale was involved in several episodes of alleged in-service misconduct. In November 2006, before her unit was deployed, she was recommended for promotion from Specialist (E-4) to Sergeant (E-5). On December 23, 2006, however, she was involved in an incident at the El Paso International Airport. The following month, she received a formal letter reprimanding her, and a "flag" was placed on her file that automatically precluded her from promotion. The flag was not formally removed from her file until August 2007.

The airport event was not Ms. Hale's only alleged transgression. On October 2, 2007, her commander initiated a separation action against her pursuant to Army Regulation 635-200, ¶ 14-12b, entitled "A pattern of misconduct." That step triggered physical and mental status evaluations, and Ms. Hale requested that her case be considered by a separation board. She also filed a complaint against those in her chain of command.

An administrative separation board convened to hear her case on November 15, 2007. The board found no fewer than 12 examples of "discreditable conduct and conduct prejudicial to the good order and discipline" of the military over the course of the prior year and recommended discharge under other than honorable conditions. The separation authority approved the board's recommendation four days later. Ms. Hale was ordered to be

discharged under other than honorable conditions, and her rank was reduced to Private (E-1). She was transferred back the United States and discharged in December 2007.

Ms. Hale appealed her discharge to the Army Discharge Review Board ("ADRB"), which granted her partial relief. Her discharge was upgraded to general, under honorable conditions, and she was restored to her former rank of Specialist (E-4). The board also ordered further corrections to her record. In addition to her Army proceedings, Ms. Hale sought and obtained full disability benefits from the Social Security Administration; she also obtained partial disability benefits from the Department of Veterans Affairs ("DVA").

Ms. Hale then appealed the decisions of the ADRB and the DVA to the Court of Federal Claims. The parties requested a voluntary remand to the Army Board for Correction of Military Records ("ABCMR") to consider Ms. Hale's claims for (1) retroactive promotion with back pay, (2) a $15,000 re-enlistment bonus, and (3) an amendment to her record characterizing her discharge as honorable and based on medical reasons. In a detailed opinion, the ABCMR denied her claims for relief in their entirety. The board concluded that she was not entitled to a promotion, that the Army did not err in denying her a Medical Evaluation Board or a Physical Evaluation Board in conjunction with her separation, that she was fit to serve and thus did not warrant processing under the Physical Disability Evaluation System, and that she was properly discharged for misconduct.

The Court of Federal Claims affirmed. First, the court held that Ms. Hale "failed to plead enough facts showing that she was promoted or that she satisfied all of

the criteria for a promotion" and thus had not "met her burden of showing a 'clear-cut, legal entitlement' to the promotion." Second, the court ruled that Ms. Hale was not entitled to a prior service enlistment bonus because she failed to meet the requirement of 37 U.S.C. § 308i(a)(2)(A) that she have received an honorable discharge at the conclusion of all prior periods of service. Third, the trial court rejected Ms. Hale's contention that her records should be corrected to reflect a medical disability discharge rather than a discharge for misconduct. Finally, the court refused Ms. Hale's request to amend her DVA records, because it held that the Court of Appeals for Veterans Claims had exclusive jurisdiction over veterans' disability claims.

## DISCUSSION

On appeal to this court, Ms. Hale raises a number of alleged errors, none of which calls for reversal of the trial court's decision.

1. Ms. Hale first contends that she was wrongly denied promotion to Sergeant (E-5) and is owed back pay as a result. As the trial court explained, such a claim requires that she demonstrate a clear-cut legal entitlement to the promotion in question, i.e., that she "has satisfied all the legal requirements for promotion, but the military has refused to recognize [her] status." *Smith v. Sec'y of Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004). We agree with the trial court that Ms. Hale has not made such a showing.

Ms. Hale contends that the record "clearly shows [that she] met all the criteria for promotion." She asserts that a promotion board approved her promotion in November 2006, that her unit did as well, that she was on the active

promotion list, and that she served in an E-5 role while working in the intensive care unit. She argues that the trial court was wrong to conclude that her promotion was barred by the flag arising out of the El Paso airport incident because that flag should have been removed in early 2007. In that regard, she asserts that she was formally reprimanded in January 2007 and that Army regulations require that disciplinary flags be reviewed monthly and be removed once the punishment (such as a reprimand) has been administered.

Even taking all of Ms. Hale's contentions as true, the trial court correctly held that she had no clear-cut entitlement to promotion. Her 2006 selection by the promotion board was merely a recommendation for possible action, *see, e.g.*, Army Reg. 600-8-19, ¶ 5-6; *Sexton v. United States*, 228 Ct. Cl. 706, 708 (1981); it did not indicate that she was clearly entitled to later promotion. In particular, regardless of whether the December 2006 flag should have been lifted before August 2007, Ms. Hale has not established that at any time (1) there was a vacancy for which she was eligible and would have been chosen and (2) no flag existed or should have existed in her file to block the promotion. The ABCMR found "no evidence" of a vacancy during her deployment, and Ms. Hale's only allegation to the contrary rests on a few emails from July 2007 in which her unit responded affirmatively to an inquiry as to whether she should be promoted when her flag was lifted. Moreover, even if those emails are interpreted to indicate the likelihood of an upcoming vacancy, the board's further findings establish that Ms. Hale was not entitled to fill it. Specifically, the board found that by the time her December 2006 flag was removed additional flags should have been placed on her file because she had failed a physical examination and because discharge proceedings had been instituted

against her. The fact that other flags should have been placed on her file precluded her eligibility for promotion. *See* Army Reg. 600-8-19, ¶ 1-10a(10) (failure to file a flag "does not affect the Soldier's nonpromotable status if a circumstance exists that requires imposition of a flag"). Ms. Hale has not refuted those findings and therefore has not carried her high burden to establish that she was entitled to promotion.[1]

2. Ms. Hale also seeks an order directing the government to pay her a pre-enlistment bonus of $15,000. The trial court correctly held, however, that she did not meet all of the statutory prerequisites for a bonus because she did not "receive[] an honorable discharge at the conclusion of all prior periods of service." 37 U.S.C. § 308i(a)(2)(A). Rather, she was discharged from the Texas Army National Guard with a characterization of general, under honorable conditions, which is distinct from the statutorily mandated "honorable discharge." *See, e.g.*, Army Reg. 600-8-24, ¶ 1-22 (listing discharge classifications).

Ms. Hale's arguments to the contrary are unpersuasive. She asserts that the trial court applied the wrong law because it "applied law for enlistment in the National Guard, not the Army Reserve" and because it "failed to take into account the fact that the enlistment bonus issue was instituted while on active duty and approved by proper military authorities." Section 308i, however,

---

[1] There appears to be a short gap between the removal of the December 2006 flag (on August 8, 2007) and Ms. Hale's failure to pass the Army Physical Fitness Test (on August 31, 2007). The fact that no steps were taken to promote her during that time, when she had no flag on her file and had her unit's apparent approval, suggests that, as the ABCMR found, there was no promotion vacancy that she was entitled to fill.

applies to those who enlist in the "Selected Reserve of the Ready Reserve of an armed force," 37 U.S.C. § 308i(a), and nothing about the consideration of the bonus issue while she was on active duty alters the fact that she did not satisfy the statutory requirements for payment of the bonus. Ms. Hale's further contention that the Texas discharge was itself improper is unavailing. She does not claim that she ever sought to upgrade her 1993 discharge to honorable, and this case is not the proper forum for a collateral attack on her decades-old discharge from the Texas Army National Guard.

3. Ms. Hale next contends that she should have been discharged honorably based on her medical conditions, rather than based on misconduct, and that she should have been processed through the disability system. She argues, for example, that the separation board and separation authority were not aware of all of her medical conditions and records and that subsequent boards of review did not adequately account for those errors. Similarly, she notes that one of her physicians recommended that a Medical Evaluation Board ("MEB") be convened. Based on that recommendation, she argues that she was entitled to an MEB and that any separation proceedings based on misconduct should have awaited the results of the MEB.

Judicial review of military personnel decisions is highly deferential, and we do not find the ABCMR's decision to be "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). The ABCMR found, and the trial court affirmed, that Ms. Hale did not warrant disability processing because she was fit to serve. Her only recurring condition that resulted in permanent physical limitations was an allergy to pepper

spray, and that condition was accommodated through a change of assignment. We find that there was substantial evidence to support that determination.

We are not persuaded by Ms. Hale's contention that she should have received an MEB. She relies on one physician's recommendation for an MEB. The ABCMR declined to give dispositive weight to that recommendation, however. The board found that the physician who made that recommendation did so "to give [Ms. Hale] what she wanted and to avoid harassment brought on by [her] belligerent and demanding demeanor," and that the one physician's recommendation for an MEB was contrary to the recommendations of Ms. Hale's other treating physicians. Moreover, the regulations that Ms. Hale cites provide that, even after an MEB convenes, the military has the responsibility to decide whether to proceed through administrative or medical channels, particularly when, as here, a soldier's misconduct allegations are unrelated to her claimed disability. *See* Army Reg. 635-200, ¶ 1-33; Army Reg. 635-40, ¶ 4-3. As the ABCMR explained, all the other medical assessments found that Ms. Hale was fit to serve, and there is no reason to think that an MEB would have concluded any differently or that the MEB's findings would have led her down a different administrative path.

Ms. Hale's other complaints about the processing and characterization of her discharge all suffer from the same flaw. Her arguments are effectively requests to re-do her separation proceedings; she overlooks the fact that the ADRB and the ABCMR conducted detailed reviews of her claims and (in the case of the ADRB) granted her partial relief. Moreover, the ABCMR considered records that she claims the separation authorities did not have, including various medical documents she submitted and the medi-

cal records accompanying the remand from the Court of Federal Claims. In the end, however, the ABCMR concluded that Ms. Hale failed to prove that she was medically unfit at the time of separation and should have been processed for separation due to physical disability; the board also concluded that Ms. Hale offered insufficient evidence to warrant a further upgrade to an honorable discharge. We agree with the trial court that the record provides no basis for overturning those conclusions.

4. Ms. Hale also seeks to "complete" or "restore" the administrative record to its original state by adding documents that she claims are currently missing. Judicial review of a discharge claim, however, is confined to the administrative record before the ABCMR except in "extremely limited situations." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). It is not clear that Ms. Hale provided the board with the documents that she seeks to add here. Nor has she explained how the addition of the purportedly missing documents would bear on the ultimate disposition of her claims. Like the trial court, we do not find this to be one of the "extremely limited situations" in which augmentation of the record before the board is justified.

5. Finally, Ms. Hale does not appear to be pressing her claim that the trial court should have entertained her appeal relating to the DVA's disability benefits determination. In any event, the trial court was clearly correct to hold that it lacked jurisdiction over that claim. *See Addington v. United States*, 94 Fed. Cl. 779, 782 (2010); *Davis v. United States*, 36 Fed. Cl. 556, 559 (1996); *Sanders v. United States*, 34 Fed. Cl. 75, 79 (1995).

No costs.

**AFFIRMED**