BISSELL, Circuit Judge.
 

 Hankins Construction Company (Han-kins) appeals the judgment of the United States Claims Court, which after a full trial on the merits, denied Hankins’ claim for additional compensation. Hankins sought
 
 *1195
 
 an adjustment because its bid contained a mistake and the contracting officer failed to verify the correctness of the bid. We affirm.
 

 BACKGROUND
 

 On June 16, 1981, the Veterans Administration (VA) solicited bids for a project involving the correction of safety and fire deficiencies in the VA Medical Center in St. Louis, Missouri. When the VA opened the bids on August 6, 1981, it found three high bids that ranged from $2,446,000 to $2,298,-922 and three low bids that ranged from $1,353,000 to $1,280,000. Hankins’ bid of $1,280,000 was the lowest bid.
 

 A portion of Hankins’ bid consisted of a $340,000 subcontractor bid by H & L Fire Protection (H & L) for the installation of a sprinkler system. Although not discovered until after contract award, H & L’s bid was defective in numerous respects, including failure to count all the buildings at the Medical Center that required sprinkler work, and failure to read all the pages of the specifications and drawings. After bid opening but before award, Hankins had solicited other sprinkler subcontractor bids. The only bid received was from the Fire Works, Inc. (Fire Works). On August 27, 1981, the president of Fire Works confirmed in writing an earlier verbal bid for the sprinkler work in the amount of $999,-999.98. Hankins, nonetheless, chose to ignore Fire Works’ bid, characterizing it as “fictitious.”
 

 By telegram dated August 31, 1981, the VA requested Hankins to extend its bid. It did so by return telegram on September 1, 1981. On September 18, 1981, the VA awarded the contract to Hankins. On that date, Hankins also executed the subcontract with H & L in the amount of H & L’s bid.
 

 Between September 1981 and January 1982, Hankins sought to have H & L begin performance, but H & L refused without explanation. In December 1981, after obtaining bids from other sprinkler subcontractors, Hankins concluded that H & L had made a major error in its price. Han-kins first notified the VA of H & L’s refusal to perform on January 5, 1982. On April 22, 1982, Hankins submitted a certified claim to the contracting officer for contract reformation. The contracting officer denied Hankins’ claim on May 6, 1982. Thereafter, Hankins brought a direct access suit in the Claims Court.
 

 On motion for summary judgment, the Claims Court ruled that the government was entitled to judgment as a matter of law.
 
 Hankins Constr. Co. v. United States,
 
 No. 301-82C (Cl.Ct. May 18, 1984). Hankins appealed, and we reversed and remanded, concluding that a genuine issue of material fact existed.
 
 Hankins Constr. Co. v. United States,
 
 (Fed.Cir.1985) [765 F.2d 155 (Table) ]. Following a trial on the merits, the Claims Court determined that Hankins assumed the risk because it failed to investigate H & L’s qualifications after receiving Fire Works’ bid. Therefore, the court held that Hankins could not obtain contract reformation. As an alternate ground for its decision, the Claims Court found that under the circumstances of this case the contracting officer had no duty to verify the accuracy of Hankins’ bid. Subsequently, Hankins appealed.
 

 ISSUE
 

 Whether the Claims Court correctly held that Hankins could not obtain contract reformation, notwithstanding the contracting officer’s failure to verify the accuracy of Hankins’ bid, because Hankins assumed the risk of H & L’s error by failing to thoroughly investigate H & L.
 

 OPINION
 

 The Claims Court found that Fire Works’ bid, which exceeded H
 
 &
 
 L’s bid by almost $700,000, put Hankins on notice to investigate H & L’s bid further. According to the Claims Court, nonetheless, Hankins undertook to perform the contract despite its limited knowledge of why H & L’s bid was so much lower than Fire Works’. We review the Claims Court’s factual findings under the clearly erroneous standard,
 
 Milmark Services, Inc. v. United States,
 
 731 F.2d 855, 857 (Fed.Cir.1984), and we cannot
 
 *1196
 
 say that the Claims Court’s findings in this case are clearly erroneous.
 
 See Atlas Powder Co. v. E.I. Du Pont De Nemours & Co., 750
 
 F.2d 1569, 1573, 224 USPQ 409, 411 (Fed.Cir.1984) (stating that court can reverse under clearly erroneous standard if left with firm conviction trial court erred). Therefore, we must conclude that Hankins bears the risk of H & L’s mistake.
 
 See
 
 Restatement (Second) of Contracts § 154(b) (1981) (stating that a “party bears the risk of a mistake when ... he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient....”).
 

 Hankins resists this result by arguing that (1) the contracting officer had a duty to verify the accuracy of the submitted bids after bid opening, (2) he failed to do so, and (3) if the contracting officer had verified the bids, Hankins would have been alerted to the mistakes in H & L’s bid. This argument is unavailing.
 

 The applicable regulation states that “[a]fter the opening of bids ... in cases where the contracting officer has reason to believe that a mistake may have been made, he shall request from the bidder a verification of the bid....” 41 C.F.R. § 1-2.406-1 (1981). Here the Claims Court made a factual finding that the contracting officer did not have reason to believe a mistake had been made.
 

 Nonetheless, Hankins argues that the contracting officer had reason to suspect a mistake because of the unusual clustering of bids, and because Hankins’ bid fell well below the VA’s estimate for the work. The Claims Court, however, found neither of these facts persuasive. It found that the clustering of high bids could be explained by the industry practice of “highballing”—submitting abnormally high bids in the hope of turning a large profit, but having no serious expectation of winning the contract. Concerning the cluster of low bids, the court found that the existence of two other bids of roughly the same amount tended to confirm the reliability of Han-kins’ bid rather than raise a suspicion about it. Regarding the fact that Hankins’ bid fell below the VA’s estimate, the court determined that this was not unusual because in the two years preceding Hankins' bid submission, contractors had typically bid well below the VA’s estimate.
 

 Having considered the record as a whole, we conclude that the Claims Court was not clearly erroneous in finding that the contracting officer did not have reason to suspect a mistake.
 
 Milmark Serv.,
 
 731 F.2d at 857. Therefore, pursuant to 41 C.F.R. § 1-2.406-1 (1981), the contracting officer had no duty to verify the accuracy of Hankins’ bid.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the Claims Court is affirmed.
 

 AFFIRMED.