NOTE  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5020

MICHAEL SINDRAM,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 6, 2005

_____

Before MAYER, RADER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Claimant-Appellant Michael Sindram, arguing pro se, seeks review of the order of the United States Court of Federal Claims in <u>Sindram  v. United States</u>, No. 04-717C (filed Oct. 8, 2004) that dismissed Mr. Sindram's complaint for lack of jurisdiction.  In the October 8, 2004 decision, the Court of Federal Claims determined that Mr. Sindram sought review of a veteran's benefits determination.  Because 38 U.S.C. § 511(a) (2004) precludes judicial review of a veteran's benefit determination, the Court of Federal Claims correctly dismissed Mr. Sindram's complaint for lack of jurisdiction. According to the Veterans Judicial Review Act of 1988 (VJRA), 38 U.S.C. §§ 7251–98, an appeal to the United States Court of Veteran Affairs (Veterans Court) is the exclusive

remedy for a denial of a veteran's benefits. Because Mr. Sindram's claims fall in the Veterans Court's exclusive jurisdiction, the Court of Federal Claims correctly determined that it lacked jurisdiction. Accordingly, this court affirms.

I.

Mr. Sindram is a veteran with a 40 percent disability rating and has been enrolled in a Chapter 31 vocational rehabilitation program the Department of Veteran Affairs (VA) administers. On April 23, 2004, Mr. Sindram filed a complaint with the Court of Federal Claims, seeking a temporary restraining order against the VA. He contended that the Government did not fulfill its contractual obligations under the amended employment plan by failing to provide guidance, failing to reimburse him for tuition, books and other out-of-pocket expenses associated with the program, and by terminating approval of his attendance of a summer session.

On June 29, 2004, the Court of Federal Claims ordered Mr. Sindram to file a memorandum addressing, *inter alia*, which statute provides for jurisdiction over the case and why the court is not precluded from exercising jurisdiction by 38 U.S.C. § 511(a) before or on July 29, 2004. Mr. Sindram submitted the memorandum, by leave of the court, on August 2, 2004.

The Court of Federal Claims dismissed Mr. Sindram's complaint for lack of jurisdiction on October 8, 2004, and later denied his timely motion for reconsideration. This appeal followed.

II.

In reviewing judgments of the Court of Federal Claims, this court reviews conclusions of law, such as contract or statutory interpretation, without deference.

Mass. Bay Transp. Auth. v. United States, 254 F.3d 1367, 1372 (Fed. Cir. 2001); Kane v. United States, 43 F.3d 1446, 1448 (Fed. Cir. 1994). Findings of fact are reviewed under the "clearly erroneous" standard. City of El Centro v. United States, 922 F.2d 816, 819 (Fed. Cir. 1990); Hankins Constr. Co. v. United States, 838 F.2d 1194, 1195 (Fed. Cir. 1988).

The Court of Federal Claims determined that Mr. Sindram's (amended) employment plan was included as part of the Chapter 31 employment program. Chapter 31 of title 38, 38 U.S.C. §§ 3100–21 provides for training and rehabilitation services for disabled veterans. Mr. Sindram's claims therefore involve a law that affects the provision of benefits to veterans, placing it under the scope of 38 U.S.C. § 511(a), which reads

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[1]

Section 511(a) explicitly states that the relevant decisions must be made by the Secretary and are only subject to judicial review if provided for in title 38. Before and after the passage of the VJRA, courts have construed § 511(a), and its predecessor § 211(a) to preclude judicial review of decisions on veterans' benefits. See Johnson v.

---

[1] 38 U.S.C. § 511(b) provides exceptions to the preclusion of review for challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Veterans Appeals under 38 U.S.C. ch. 72. None of these exceptions apply in this case.

Robison, 415 U.S. 361, 367 (1974) ("Section 211(a) does not . . . but is . . . aimed at prohibiting review only of those decisions of law or fact arising in the administration of a statute providing for veterans' benefits"); Beamon v. Brown, 125 F.3d 965, 970 (5th Cir. 1995); see also Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000).

Moreover, Congress reemphasized its intent to preclude the review of benefits determinations by the Court of Federal Claims or any other federal court by passing the VJRA, 38 U.S.C. §§ 7251–98. The VJRA provides that an appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over the plaintiff's claims. See Davis v. United States, 36 Fed. Cl. 556, 559 (1996); see also Sullivan v. United States, 46 Fed. Cl. 480, 487 (2000) ("[T]his court is without jurisdiction to review those benefit-entitlement determinations by the VA, which is solely vested in the United States Court of Veterans Appeals, See 38 U.S.C. § 511 (1994); 38 U.S.C.A. § 7104; 38 U.S.C.A. § 7252"); Beamon v. Brown, 125 F.3d 965, 970 (5th Cir. 1995) ("We conclude that the VJRA's statutory review process vests exclusive jurisdiction over plaintiffs' claims with the CVA . . . .") This court agrees with these interpretations.

As Mr. Sindram's claims are all grounded in his contractual relationship under a Chapter 31 employment plan, this court finds that 38 U.S.C. § 511 preempts the Court of Federal Claims from exercising jurisdiction over the case. The VJRA also supports this determination by providing that an appeal to the Veterans Court is the exclusive remedy for the denial of a veteran's benefits. Consequently, this court affirms the Court of Federal Claims' judgment to dismiss Mr. Sindram's complaint for want of jurisdiction.