NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS L. PRESTIDGE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5030

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00267-MCW, Judge Mary Ellen Coster Williams.

---

Decided: May 8, 2015

---

DOUGLAS L. PRESTIDGE, Douglas, AZ, pro se.

SETH W. GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before PROST, *Chief Judge,* LOURIE and TARANTO, *Circuit Judges.*

PER CURIAM.

Douglas Prestidge brought this action in the United States Court of Federal Claims. The court dismissed the action for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Prestidge served in the United States Air Force from December 1974 until he was honorably discharged in December 1978. During his service Mr. Prestidge was wounded by enemy fire and also was injured in a motorcycle accident.

Mr. Prestidge filed an application for disability benefits with the Department of Veterans Affairs (VA) in January 1979, and he was examined by a VA doctor in March of that year. *See Prestidge v. United States*, No. 14-267C, slip. op. at 1 (Fed. Cl. Oct. 15, 2014). The VA found that he had a service-connected disability and rated him 30% disabled. Mr. Prestidge's brief to this court suggests that he had additional interactions with VA doctors in later years.

On April 7, 2014, Mr. Prestidge filed a complaint in the Court of Federal Claims. The complaint alleges that his medical condition has deteriorated because he received inadequate medical care from the VA, that the VA was negligent in processing his claims and providing needed medical services, that he has not been appropriately compensated for disabilities incurred in service, that the VA committed "[c]lear [and] [u]nmistakable [e]rror (CUE)" in processing his disability-benefit claims, and that the government breached his enlistment contract by failing to provide appropriate care and disability compensation. The complaint lists as defendants the United States, the VA, and several individual VA employees, and it seeks $30,000,000 in damages. It also requests transfer

of the case to the United States District Court for the District of Arizona, stating that related actions are underway there.

The Court of Federal Claims dismissed Mr. Prestidge's case for lack of jurisdiction. *Prestidge*, No. 14-267C, slip op. at 5. First, the court held that it could not adjudicate the claims against individual VA employees because its jurisdiction is limited to claims against the United States. *Id.* at 3. The court likewise held that it lacked jurisdiction over claims relating to the VA's denial of veterans' benefits, because those claims must be presented through the Title 38 process, involving the Board of Veterans Appeals and Court of Appeals for Veterans Claims, not the Court of Federal Claims. *Id.* The court dismissed Mr. Prestidge's claims for breach of contract, concluding that a veteran's entitlement to medical services arises from statute, not contract, and in any event Mr. Prestidge's enlistment contract does not mention medical care. *Id.* at 3–4. The court also dismissed Mr. Prestidge's claims for negligence and malpractice because those claims sound in tort and therefore fall outside the statutory limits on the jurisdiction of the Court of Federal Claims. *Id.* at 4. Finally, the court denied Mr. Prestidge's transfer request, because he had "already filed an action in the District . . . of Arizona which encompasses his claims in this suit," making transfer unnecessary. *Id.*

On appeal, Mr. Prestidge emphasizes that his claim is based on breach of his enlistment contract. *See* Appellant's Br. 1. He reiterates that the VA failed to provide adequate medical care or destroyed medical records, couching his claims in terms of "abandonment," "fraud," "misrepresentation," "lying," and "deceit." *Id.* at Continuation pp. 5, 7. This court has jurisdiction to hear this appeal under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo the dismissal of Mr. Prestidge's complaint for lack of jurisdiction. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002).

Under the Tucker Act, the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Court of Federal Claims correctly determined that none of Mr. Prestidge's claims fall within its limited jurisdiction.

It is long-settled law that, for a plaintiff's claim to come within the Tucker Act, the "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part); *see United States v. Navajo Nation*, 556 U.S. 287, 291 (2009). Mr. Prestidge here points to his enlistment contract as that source for his claims regarding denial of adequate medical care.

Governing precedents have long established a broad general rule that rights to military pay and benefits are established only by statutes and regulations, not by enlistment contracts enforceable through damages remedies. *See, e.g.*, *Bell v. United States*, 366 U.S. 393, 401 (1961) ("[C]ommon-law rules governing private contracts have no place in the area of military pay."); *Schism v. United States*, 316 F.3d 1259, 1268–76 (Fed. Cir. 2002) (en banc) ("Congress' authority and the various courts' (*i.e.*, the Supreme Court, our court, and our predecessor court) consistent interpretation thereof demonstrate that military health care benefits as a form of compensation have long been exclusively a creature of statute, not

contract."); *id.* at 1275–76 (distinguishing cases "involv[ing] military pay or retirement benefits" from "claims based on enlistment agreements specifying non-pay benefits [*i.e.*, specific training or duty assignments] promised in writing to recruits"); *Jablon v. United States*, 657 F.2d 1064, 1066 (9th Cir. 1981) ("We have examined the cases and underlying policy considerations and have concluded that money damages are not an available remedy for the government's breach of an enlistment contract.").

In this case, moreover, Mr. Prestidge failed to demonstrate that his enlistment contract creates an entitlement to medical care. *Prestidge*, No. 14-267C, slip op. at 4. The contract refers to the extension of enlistments in times of national emergency and the rights of enlisted members of the Navy upon expiration of their service terms, but nowhere mentions medical care. Gov't's Appendix at 36. And although Armed Forces advertisements touted "excellent care," *id.* at 10, they "d[id] not impose a contractual obligation on the United States," *Prestidge*, No. 14-267C, slip op. at 4. In *Schism*, the government admitted that its recruiters made good-faith representations of the availability of free lifetime healthcare to encourage enlistment, but we held that those promises "could not have formed binding contracts." 316 F.3d at 1262, 1272.

Mr. Prestidge thus cannot found his complaint about substandard care from VA doctors on a contract. Nor is there any other Tucker Act basis for those allegations. To the extent they sound in tort, the Tucker Act does not cover them. *See* 28 U.S.C. § 1491(a)(1) (limiting the Court of Federal Claims' "jurisdiction to render judgment . . . [to] cases not sounding in tort"); *United States v. Wong*, Nos. 13-1074, -1075, 2015 WL 1808750, at *7 & n.5 (U.S. Apr. 22, 2015); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1372 (Fed. Cir. 2013); *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1010 (Ct. Cl. 1967). For the same

reason, the Court of Federal Claims lacked jurisdiction over Mr. Prestidge's allegations of abandonment, fraud, misrepresentation, lying, and deceit.

Mr. Prestidge's assertion that the VA mishandled his disability-benefit claims also lies outside the Court of Federal Claims' jurisdiction. Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits. *See* Veterans' Judicial Review Act (VJRA), 38 U.S.C. §§ 7251–7299; *see also* 38 U.S.C. §§ 511, 7104. That scheme displaces the Tucker Act to whatever extent the Tucker Act might otherwise have applied to Mr. Prestidge's claims to statutory benefits. *See United States v. Bormes*, 133 S. Ct. 12, 18–20 (2012) (detailed remedial scheme can displace Tucker Act); *Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005) ("[A]n appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over [such] claims."); *Addington v. United States*, 94 Fed. Cl. 779, 782 (2010).

Further, the Court of Federal Claims correctly dismissed Mr. Prestidge's claims against individual VA employees. *Prestidge*, No. 14-267C, slip op. at 3. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Mr. Prestidge does not renew his request for transfer to the District of Arizona, and so we decline to address it here. We also conclude that Mr. Prestidge's submission received May 1, 2015, which is untimely, makes no showing that the Court of Federal Claims erred in dismissing the case for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

**AFFIRMED**