NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERT EDMUND LEWIS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-1745

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01145-EDK, Judge Elaine Kaplan.

---

Decided: June 9, 2017

---

GILBERT EDMUND LEWIS, New York City, NY, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Gilbert Edmund Lewis ("Lewis") appeals the judgment of the United States Court of Federal Claims dismissing Lewis's complaint against the Department of Veterans Affairs ("VA") for lack of jurisdiction. Lewis claimed that the VA "botched" a surgery in 1976. We *affirm*.

## BACKGROUND

On October 7, 2015, Lewis filed a complaint in the United States Court of Federal Claims seeking "entitlement for compensation" from the VA for "an improper medical surgical . . . procedure . . . initiated during 1976." J.A. 49. Lewis alleged that this 1976 procedure required subsequent medical follow-ups in 2007, 2010, and 2012, to "remed[y] the obvious botched appearance of [Lewis's] nose," in order to attain the appearance of "glamour class." *Id*.

On January 29, 2016, the Claims Court dismissed Lewis's complaint for lack of subject-matter jurisdiction. First, the Claims Court reasoned that if Lewis's complaint was a medical malpractice claim, it lacked jurisdiction because the Tucker Act does not extend to tort claims. Second, the Claims Court reasoned that if Lewis's complaint was a claim for VA benefits, under the Veterans' Judicial Review Act, a veteran is required to first appeal the denial of benefits to the Board of Veterans Appeals, then to the Court of Appeals for Veterans Claims, and finally to this court.

The Claims Court then refused to grant relief requested in three subsequent letters from Lewis to the court.

Lewis appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review *de novo* a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *Radioshack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009).

The Court of Federal Claims lacks jurisdiction over "claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Therefore, the Claims Court correctly dismissed Lewis's allegations of medical malpractice.

The Court of Federal Claims also lacks jurisdiction over claims for VA benefits. "Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits. That scheme displaces the Tucker Act . . . ." *Prestidge v. United States*, 611 F. App'x 979, 982–83 (Fed. Cir. 2015) (citations omitted). Therefore, the Claims Court correctly dismissed Lewis's allegations of denial of VA benefits.

We also see no error in the Claims Court's findings with respect to Lewis's three subsequent letter requests for relief.

Lewis's February 8, 2016, letter (framed as a request for reconsideration) contained substantially the same information as alleged in Lewis's complaint. Thus, reconsideration was properly denied.

Lewis's December 21, 2016, letter did not present any ground for relief from judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" before the earlier judgment. RCFC 60(b)(2). Besides information already alleged in Lewis's complaint, the letter additionally included Lewis's medical records and photographs. However, the Claims Court found "no reason to believe

that Mr. Lewis did not possess these documents throughout this litigation." J.A. 6.

Lewis's final letter, received on February 15, 2017, was properly rejected because the case was already closed.

We have considered the appellant's remaining arguments and find them without merit.

**AFFIRMED**

COSTS

No costs.