NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re CHAPLAIN HARRY FORE,**
*Petitioner*

---

2024-123

---

On Petition for a Writ of Mandamus to the United States District Court for the Eastern District of New York in No. 2:23-cv-03610-JMA-ST.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

## O R D E R

On April 18, 2024 and May 10, 2024, Chaplain Harry Fore filed at this court a mandamus petition and opening brief, respectively, in which he challenges an April 12, 2024 decision of the United States District Court for the Eastern District of New York dismissing his complaint. That complaint asserted that the Department of Veterans Affairs wrongly denied benefits for his injuries.

We first consider this court's authority to grant Mr. Fore mandamus relief. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in

aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As that statute makes clear, however, the Act is not itself a grant of jurisdiction, *see Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). Here, jurisdiction over an appeal taken from the district court's final judgment would lie in the regional circuit, in this case, the United States Court of Appeals for the Second Circuit.[1]

We next consider whether the petition should be construed as a notice of appeal. A party adversely affected by a judgment of a district court where the United States or one of its agencies or officers is a party may seek review by filing a notice of appeal within 60 days from entry of judgment. 28 U.S.C. § 2107(b). A notice of appeal must, among other things, specify the party taking the appeal and

---

[1]    Our review authority over decisions of United States district courts is limited to certain types of cases involving patent law matters, 28 U.S.C. §§ 1295(a)(1); 1295(a)(4)(C), or certain claims that fall within aspects of the so-called Tucker Act: "claims against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1346(a)(2); *see* 28 U.S.C. §§ 1292(c)(1), 1295(a)(2). Mr. Fore's case does not raise any matter within that limited jurisdiction, as the complaint raises no patent issues and Congress has displaced whatever relief may have been available under the Tucker Act by establishing an "elaborate, special remedial scheme to handle claims regarding veterans benefits." *Prestidge v. United States*, 611 F. App'x 979, 982–83 (Fed. Cir. 2015) (collecting cases).

designate the judgment from which the appeal is being taken. Fed. R. App. P. 3(c). Mr. Fore's petition would meet those requirements and would be timely if treated as an appeal. We therefore transmit the petition to the district court to be docketed as a notice of appeal, *see* Fed. R. App. P. 4(d), and to then be transmitted to the Second Circuit.

Accordingly,

IT IS ORDERED THAT:

The petition along with all other filings is transmitted to the district court to be docketed as a notice of appeal.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 29, 2024
Date