NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK J. TYSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1443

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00734-TMD, Judge Thompson M. Dietz.

---

**ON MOTION**

---

Before DYK, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the final judgment of the United States Court of Federal Claims dismissing Patrick J. Tyson's complaint. Mr. Tyson opposes the motion and asks this court for "an indicative ruling stating that it would grant leave to amend the complaint if the case is remanded by the Federal Circuit." ECF No. 7

at 1; *see also* ECF No. 8 at 1 (asking this court to "grant leave to amend [his complaint] if the case is remanded by the Federal Circuit").

Mr. Tyson was honorably discharged from the Navy in 1992. After discharge, Mr. Tyson applied to the Department of Veterans Affairs (DVA) under Title 38 of the United States Code, for disability benefits for service-connected injuries. He has received benefits with a 100% disability rating since 2008 and has received special monthly compensation based on Housebound Status or Permanent Need for Regular Aid and Attendance since 2023.

In May 2024, he filed suit at the Court of Federal Claims seeking to "grant and or compel" the "correct statutory monthly compensation Payments from Veteran Affairs, as well ALL retired Combat pay from the Department of [D]efense." Appx9, ECF No. 5. Specifically, he argued he should receive "the Higher Special Monthly Compensation for, wartime Total disability, Housebound, Special Aid and Attendance, Combat Retired Pay (CRDP), Combat-Related Special Compensation (CRSC), of which [he] should have been automatically assessed[.]" Appx8.

In December 2024, the Court of Federal Claims granted the government's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. It explained that Congress created an exclusive scheme for handling claims relating to service benefits through the DVA and then the United States Court of Appeals for Veterans Claims, which excludes jurisdiction in the Court of Federal Claims. It also concluded that Mr. Tyson had failed to state a claim for relief for CRDP and CRSC because he lacked military retiree status.

Summary affirmance is appropriate because dismissal was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims was clearly correct that any

challenge to the handling of his DVA benefits claims lies outside of its jurisdiction. *See Prestidge v. United States*, 611 F. App'x 979, 982–83 (Fed. Cir. 2015) (concluding that the remedial scheme to handle veterans' benefits claims precluded Tucker Act jurisdiction). It was also clearly correct that, in the absence of military retiree status, Mr. Tyson could not receive CRDP or CRSC pay. *See* 10 U.S.C. §§ 1413a(c), 1414(a)(1) (limiting pay to "retiree[s]"). We deny the request to remand because Mr. Tyson's proposed amended complaint does not cure the deficiencies that bar relief in the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion is granted. The judgment of the United States Court of Federal Claims is affirmed.

(2) All other pending motions are denied.

(3) Each side shall bear its own costs.

FOR THE COURT

March 26, 2025
Date

Jarrett B. Perlow
Clerk of Court